COURT OF CHANCERY
OF THE
STATE OF DELAWARE

J. TRAVIS LASTER
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted:  September 22, 2014
Date Decided:  September 24, 2014

Robert J. Katzenstein, Esquire
David A. Jenkins, Esquire
Clarissa R. Chenoweth
Smith Katzenstein & Jenkins LLP
800 Delaware Avenue, Suite 1000
Wilmington, DE 19899

Collins J. Seitz, Jr., Esquire
Eric D. Selden, Esquire
Seitz Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801

Kenneth J. Nachbar, Esquire
Lindsay M. Kwoka, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899-1347

> RE:  *Seaport Village Ltd. v. Seaport Village Operating Company, LLC, et al.*
> C.A. No. 8841-VCL

Dear Counsel:

Seaport Village Operating Company, LLC (the "Company") seeks to recover from Seaport Village Ltd. ("Limited") the attorneys' fees and expenses that the Company incurred in this action and a related proceeding that Limited pursued in California. Section 12.12 of the Company's limited liability company agreement (the "Agreement") provides as follows:

> If any action is brought by any party against another party, relating to or arising out of this Agreement, or the enforcement hereof, the prevailing party shall be entitled to recover from the other party reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such action.  For purposes of this Agreement, the term "attorneys' fees" or "attorneys' fees and costs" shall mean the fees and

expenses of counsel to the parties hereto, which may include printing, photocopying, duplicating and other expenses, air freight charges, and fees billed for law clerks, paralegals and other persons not admitted to the bar but performing services under the supervision of an attorney, and the costs and fees incurred in connection with the enforcement or collection of any judgment obtained in any such proceeding. The provisions of this Section shall survive the entry of any judgment, and shall not merge, or be deemed to have merged, into any judgment.

It is undisputed that (i) the Company was a prevailing party in this action, (ii) this action was a continuation of the California Action, (iii) both lawsuits arose out of the Agreement, and (iv) the amount requested is reasonable. Limited's only defense is that because the Company did not sign the Agreement, it is not a "party" to the Agreement.

This defense fails as a matter of law. Section 18-101(7) of the Delaware Limited Liability Company Act (the "LLC Act") provides that "[a] limited liability company is bound by its limited liability company agreement whether or not the limited liability company executes the limited liability company agreement." 18 *Del. C*. § 18-101(7). By statute, a limited liability company is a party to its own limited liability company agreement, regardless of whether the limited liability company executes its own limited liability company agreement.

Before 2002, Section 18-101(7) was silent on the issue of whether a limited liability company was bound by and therefore a party to its own operating agreement. In the *Elf Atochem* decision, the Delaware Supreme Court addressed the issue and held that a "[limited liability operating agreement] is binding on the LLC as well as the members." *Elf Atochem N. Am., Inc. v. Jaffari*, 727 A.2d 286, 287 (Del. 1999). In that litigation, a

member of the LLC sought to have this court adjudicate claims under the LLC's operating agreement even though the agreement contained an arbitration clause and a forum selection provision vesting exclusive jurisdiction in the California courts for matters not covered by the arbitration clause. *Id.* at 293. The plaintiff contended that because the LLC did not sign the operating agreement, it was not a party to that agreement and was not bound by the arbitration clause or forum selection provision. *Id.* The Delaware Supreme Court was "not persuaded by this argument." *Id.*

In 2002, the General Assembly amended Section 18-101(7) to codify these aspects of *Elf Atochem* by adding the following language to the LLC Act: "A limited liability company is not required to execute its limited liability company agreement. A limited liability company is bound by its limited liability company agreement whether or not the limited liability company executes the limited liability company agreement." Del. SB 363, 141st General Assembly, 2002 Delaware Laws Ch. 295 (June 20, 2002). The amendment became effective on August 1, 2002. In 2005, the General Assembly added nearly identical language to the LLC Act to clarify that members also are bound by the LLC's operating agreement, regardless of whether they execute the agreement. Del. SB 86, 143rd General Assembly, 2005 Delaware Laws Ch. 51 (June 14, 2005) (adding the words "[a] member … is bound by the limited liability company agreement whether or not the member … executes the limited liability company agreement"). These amendments make clear that the LLC and its members are parties to and bound by the LLC agreement, regardless of whether they sign it.

Basic principles of contract law support this reading. As a general matter, "only parties to a contract are bound by that contract." *Am. Legacy Found. v. Lorillard Tobacco Co.*, 831 A.2d 335, 343 (Del. Ch. 2003) (holding that an entity formed by operation of a settlement agreement, although not a signatory, was a party to the settlement agreement). Likewise, "only a party to a contract may be sued for breach of that contract." *Gotham P'rs, L.P. v. Hallwood Realty P'rs, L.P.*, 817 A.2d 160, 172 (Del. 2002) (citation omitted). By binding a Delaware LLC and its members to their operating agreement, Section 18-101(7) makes them parties to the operating agreement.

The Company is a party to the Operating Agreement and can therefore enforce the fee-shifting provision against Limited. The Company is awarded fees and expenses in the amount of $363,803.82. Interest is due on this amount at the legal rate, compounded quarterly from July 2, 2014, to the date of payment. The Company also is entitled to the attorneys' fees and expenses it incurred bringing the motion, which are costs of enforcement that fall within the fee-shifting provision. Counsel shall provide a Rule 88 affidavit. The parties shall implement this decision through an order that is agreed as to form.

Sincerely yours,

*/s/ J. Travis Laster*

J. Travis Laster
Vice Chancellor

JTL/krw